IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ETHAN M. HILE                                                                                           PLAINTIFF

vs.                                              Civil No. 2:15-cv-02264

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Ethan M. Hile ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1.   **Background:**

Plaintiff protectively filed his disability application on June 29, 2010. (Tr. 12, 121-124). In this application, Plaintiff alleged being disabled due to aortic stenosis, high blood pressure, and a heart murmur. (Tr. 151). Plaintiff alleges an onset date of January 1, 1994. (Tr. 494). This application was denied initially and again upon reconsideration. (Tr. 64-65).

Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 39-63). Plaintiff's first administrative hearing was held on October 26, 2011 in Fort

Smith, Arkansas. *Id.* After this administrative hearing, the ALJ entered a fully unfavorable disability determination denying Plaintiff's application for SSI. (Tr. 9-22). Plaintiff appealed that denial to this Court, and Plaintiff's case was reversed and remanded to afford the ALJ the opportunity to fully consider the *Polaski* factors. *See Hile v. SSA,* 2:13-cv-02009 (W.D. Ark. May 14, 2014).

Thereafter, the ALJ held a second administrative hearing on March 31, 2015 in Fort Smith, Arkansas. (Tr. 514-543). At this hearing, Plaintiff was present and was represented by counsel, Lauren McKinnon. *Id.* Plaintiff and Vocational Expert ("VE") Monty Lumpkin testified at this hearing. *Id.*

On August 28, 2015, the ALJ again entered a fully unfavorable decision denying Plaintiff's SSI application. (Tr. 491-507). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity since June 29, 2010, his application date. (Tr. 496, Finding 1). The ALJ found Plaintiff had the following severe impairments: mild subaortic stenosis, status postoperative; left eye strabismus with amblyopia; major depressive disorder, moderate without psychosis; post-traumatic stress disorder, chronic; and personality disorder with cluster C traits. (Tr. 496-497, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 497-499, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 499-505, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he cannot tolerate concentrated exposure to extreme heat, and he can perform no more than occasional reading. He is further limited and can perform work that is limited to simple, routine, and repetitive tasks involving only simple work-related decisions, with few, if any, workplace changes. He can have no more than incidental contact with co-workers, supervisors, and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 505, Finding 5). The ALJ determined Plaintiff was twenty (20) years old at the time his application was filed, which is classified as a "younger person" under 20 C.F.R. § 416.963(c). (Tr. 505, Finding 6). The ALJ also determined Plaintiff had a limited education and was able to communicate in English. (Tr. 505, Finding 7).

The ALJ then determined whether there was other work existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 506, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified that a hypothetical person with Plaintiff's limitations retained the capacity to perform representative occupations such as the following: (1) power screwdriver operator with 393 such jobs in the regional economy and 55,720 such jobs in the national economy; and (2) can filling and closing machine tender with 261 such jobs in the regional economy and 24,562 such jobs in the national economy. *Id.* Based upon this testimony, and because Plaintiff retained the capacity to perform this work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 29, 2010 (application date) through August 28, 2015 (ALJ's decision date). Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 489). On December 23, 2015, Plaintiff filed the present

appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10, 13. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; and (B) the ALJ erred in his RFC determination. ECF No. 10 at 10-17. The Court will address both of these arguments.

  **A.      Record Development**

Plaintiff claims the ALJ erred by failing to fully and fairly develop the record. ECF No. 10 at 10-12. As an initial matter, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case is

over 700 pages long. This transcript includes over 300 pages of Plaintiff's medical records, including his treatment records. (Tr. 209-488, 713-727). Based upon this information, the Court finds this is a "reasonably complete record."

Further, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no specific showing of prejudice or unfair treatment. ECF No. 10 at 10-12. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

As a final point, the Court notes Plaintiff alleged in his application being disabled due to aortic stenosis, high blood pressure, and a heart murmur. (Tr. 151). Plaintiff also alleged at the administrative hearing being disabled due to mental impairments (depression and anxiety). (Tr. 519, 533-534). In the record, the ALJ had the benefit of medical records addressing each of these alleged impairments.

Notably, in the record, the ALJ had the benefit of four consultative examinations: (1) psychology report dated December 14, 2010 (Tr. 218-223); (2) ophthalmology report dated December 27, 2010 (Tr. 244-250); (3) cardiology report dated December 13, 2010 (Tr. 252-253); and (4) psychology report dated May 20, 2015 (Tr. 723-728). The ALJ also had the benefit of Plaintiff's treatment records, including more recent cardiac treatment records. Importantly, while the cardiology report is dated from five years before the hearing[1], the ALJ also had the benefit of

---

[1] Plaintiff's counsel noted at the administrative hearing in this matter that the cardiac consultative examination was completed five years before that hearing, and she requested another report be ordered: "ATTY: I don't know if it would be prudent, since you're actually ruling on 2015, since the remand is through current benefits, I don't know if

more recent treatment records from February 18, 2014 that reflected a normal electrocardiogram and recommended Plaintiff be given no restrictions on his activity. (Tr. 719). His doctor, Dr. R. Thomas Collins, II, M.D., also stated the following regarding Plaintiff's alleged disability: *"Frankly I have no idea what medical condition he has that would necessitate him being classified as disabled. He has no cardiac issue that should disable him at this point, and this has been explained to him."* *Id.* (emphasis added).

Based upon these facts, the Court finds the ALJ properly developed the record and had sufficient evidence from which to make an informed decision as to Plaintiff's alleged impairments. Thus, there is no basis for reversal on this issue.

### B.     RFC Determination

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 10 at 13-15. Upon review of Plaintiff's briefing in this matter, it appears Plaintiff's only argument on this issue is that the ALJ erred in finding his obesity was non-severe. *Id.* Notably, at the administrative hearing in this matter, Plaintiff did allege he was disabled due to obesity. (Tr. 533-534). In his opinion, however, the ALJ did not find Plaintiff's obesity was a severe impairment. (Tr. 496-497, Finding 2). Plaintiff claims this was reversible error. ECF No. 10 at 13-15.

Despite Plaintiff's argument, the Court finds the ALJ properly determined Plaintiff's obesity was not severe. A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight*

---

you want to get updated CEs or not. They're five years old." (Tr. 539).

*abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

In this case, apart from speculation on this matter, there was been no demonstration Plaintiff's obesity affects his ability to perform "basic work activities." This is especially true in light of the report from Dr. Collins who noted he had no restrictions on activity. (Tr. 719). Thus, the Court finds Plaintiff has not demonstrated the ALJ erred in assessing his RFC. *See Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001) (recognizing "[i]t is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC").

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 17th day of January 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE